IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MY'SHEKIA N. SMITH | : |
| | : |
| v. | : Civil Action No. DKC 22-2005 |
| | : |
| UNITED STATES DEPARTMENT OF JUSTICE | : |

**MEMORANDUM OPINION**

Plaintiff My'Shekia Smith, proceeding *pro se*, commenced this action against the United States Department of Justice in the Circuit Court for Prince George's County, Maryland, on April 14, 2022. (ECF No. 12). She filed an amended complaint on May 4, 2022. (ECF No. 3). Defendant removed the case to this court. (ECF No. 1). Presently pending and ready for resolution is the motion to dismiss filed by Defendant. (ECF No. 17). The issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I. Background**

According to the Amended Complaint, Plaintiff is a former federal employee. (ECF No. 3, at 1). She alleges that she is "currently under attack by the U.S. government through an immersive virtual reality and radioactive technology." (ECF No. 3, at 1). The Amended Complaint also makes several other unexplained

accusations against the government, including "hate crimes," "demonism," "[p]ossible use of 3D printing," "[m]ass technological racism," "[s]ecurity clearance recklessness," "[i]nvasion of [p]rivacy," "policy abuse," and "malicious entanglement." (ECF No. 3, at 3). Based on these accusations, the Amended Complaint raises three claims: (1) "nuisance," (2) "malicious prosecution," and (3) a "civil rights" claim under which Plaintiff alleges that she suffered "technological targeting" based on "Race and Gender" discrimination which led her to "involuntarily resign[]" from her job with the government. (ECF No. 3, at 1-5). As relief for these alleged wrongs, Plaintiff requests, among other things, an order requiring "[c]omplete, immediate and forever separation in all forms from the U.S. government," an injunction granting her "life-long membership to other federal, state and/or local government departments," and $250,000,000 in compensatory damages. (ECF No. 3, at 6-7).

Defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 17). Despite being advised of the opportunity and necessity to respond, (ECF No. 18), Plaintiff did not respond to the motion.

**II.   Analysis**

Beyond alleging "nuisance," "malicious prosecution," and a violation of "civil rights," the Amended Complaint does not identify a statutory or common law basis for Plaintiff's claims. Defendant argues that Plaintiff's nuisance and malicious prosecution claims should be construed as claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, and that Plaintiff's "civil rights" claim should be construed as an employment discrimination claim under Title VII, 42 U.S.C. § 2000e, *et seq.*   (ECF No. 17-1, at 1, 6-7, 10-11).   Based on those constructions, Defendant argues that: (1) this court lacks subject matter jurisdiction because Plaintiff has failed to exhaust administrative remedies, (2) sovereign immunity bars Plaintiff's malicious prosecution claim, and (3) the Amended Complaint fails to state a plausible claim for relief.   (ECF No. 17-1, at 6-11).[1]

Both the FTCA and Title VII require a plaintiff to exhaust administrative remedies before suit may be filed in federal court. An FTCA claim cannot proceed in court "unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency."   28

---

[1] Defendant also argues that—as the Department of Justice—it is an improper defendant for either an FTCA claim or a Title VII claim and that the United States should be substituted as the defendant in this case. As explained below, the court will dismiss the Amended Complaint, so it need not consider whether substitution of a different defendant would otherwise be required.

3

U.S.C. § 2675(a).  Title VII and its implementing regulations require a federal employee to, among other things, file an administrative complaint with the employee's agency before proceeding to court.  *See* 42 U.S.C. § 2000e-16; *see also Nielsen v. Hagel*, 666 Fed.App'x 225, 227 (4th Cir. 2016) (summarizing the dispute resolution and administrative complaint process that Title VII's implementing regulations require for federal employees).

The presentment aspect of the FTCA exhaustion requirement, *see* 28 U.S.C. § 2675(a), is jurisdictional—that is, a federal court lacks subject matter jurisdiction to consider an FTCA claim that has not been presented to (and denied by) the appropriate federal agency.  *See Rogers v. Chapman*, No. 18-cv-3154-PWG, 2019 WL 3225750, at *4 n.3 (D. Md. July 17, 2019) (collecting cases).[2] Because the presentment requirement is a jurisdictional issue, a motion to dismiss on the ground that the plaintiff did not meet this requirement is decided under Rule 12(b)(1), and a court deciding a 12(b)(1) motion "may consider evidence outside the

---

[2] Defendant cites 28 U.S.C. § 2401(b) as the provision of the FTCA which contains a jurisdictional exhaustion requirement. (ECF No. 17-1, at 7).  Section 2401(b) contains a time bar that is *not* jurisdictional.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).  By contrast, "the prevailing rule among federal courts of appeals" is that the presentment requirement in § 2675(a) *is* jurisdictional.  *Rogers*, 2019 WL 3225750, at *4 n.3 (collecting cases); *see also Hamilton v. United States*, No. 5:22-CT-3101-D, 2023 WL 2533156, at *2 n.1 (E.D.N.C. Feb. 28, 2023); *Wright v. United States*, No. 22-6358, 2023 WL 2010984, at *1 (4th Cir. Feb. 15, 2023).

pleadings[.]" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Defendant attached to its motion to dismiss a declaration from a Department of Justice Technical Support Specialist who claims that he "caused the appropriate Records Systems within the Civil Division of the Department to be searched," and he found "no record of an administrative claim being presented by" Plaintiff. (ECF No. 17-2, at 2). Thus, any purported FTCA claim will be dismissed.[3]

Title VII's exhaustion requirement, however, is not a jurisdictional issue. Several years ago, the Supreme Court held that Title VII exhaustion is "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1850–51 (2019). Instead, it is "a processing rule, albeit a mandatory one." *Id.*[4] In this

---

[3] Defendant also argues that sovereign immunity bars Plaintiff's malicious prosecution claim (and any other intentional tort claim that could be construed from the Amended Complaint) because the FTCA contains an exception which preserves the government's sovereign immunity from a number of intentional torts, including "malicious prosecution," *see* 28 U.S.C. § 2680(h). (ECF No. 17-1, at 8-9). Because the Amended Complaint will be dismissed, the court need not address that argument.

[4] In *Fort Bent County*, the Supreme Court interpreted the Title VII exhaustion requirement for private employees, *see* 42 U.S.C. § 2000e-5(e)(1). 139 S. Ct. at 1846. Because Plaintiff alleges she was a federal employee, this case involves Title VII's federal employee exhaustion requirement, *see* 42 U.S.C. § 2000e-16. Courts in this circuit, however, have similarly held that the federal employee exhaustion requirements are non-jurisdictional. *See, e.g.*, *Panghat v. Baltimore Veterans Affs. Med. Ctr.*, No. ELH-19-994, 2019 WL 7281952, at *16 (D.Md. Dec. 27, 2019) (applying

case, there is no indication that Plaintiff followed that mandatory rule, and she did not file a response to contest Defendant's assertion that she failed to exhaust Title VII remedies.

Title VII exhaustion is an affirmative defense and is rarely apparent on the face of a complaint. Accordingly, Defendant's other arguments must be addressed.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To state a plausible claim and survive a Rule 12(b)(6) motion, a Plaintiff must "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In deciding whether a complaint states a plausible claim, the court must consider all well-pled allegations as true. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). A court need not, however, accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678-79, or conclusory allegations that lack

---

*Fort Bend County* to hold that "Title VII's administrative exhaustion requirements are not jurisdictional" in a case involving exhaustion by federal employees); *see also Stewart v. Iancu*, 912 F.3d 693, 699-702 (4th Cir. 2019) (holding that the 180-day waiting period involved in Title VII's exhaustion requirement for federal employees is "non-jurisdictional").

"factual enhancement," *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Mindful that Plaintiff is proceeding *pro se*, the court liberally construes her filings. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). On the other hand, Plaintiff's *pro se* status neither excuses her of her obligation to state a plausible claim nor transforms the court into her advocate. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The core allegation underlying all of Plaintiff's claims is that the government has engaged in "cyberstalking" and "harassment" "via immersive virtual reality and radioactive technology." (ECF No. 3, at 1, 2, 5). The Amended Complaint provides no factual enhancement to clarify what that allegation *means*. Instead, Plaintiff explains that this supposed technology is "controlled by the 'disturbed,'" and involves "sophisticated 'controlled' remote systems"—statements that only further mystify. (ECF No. 3, at 1). Beyond those core allegations, the Amended Complaint contains only a litany of conclusory accusations, such as "demonism" and "[m]ass technological racism." (ECF No. 3, at 3). Even under a liberal construction, the Amended Complaint contains no well-pled factual allegations for the court to consider, let alone allegations that allow the court to infer "more

7

than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679; *see also Nemet*, 591 F.3d at 255 (noting that "unwarranted inferences" and "bare assertions devoid of further factual enhancement" do not "constitute well-pled facts for Rule 12(b)(6) purposes"). Thus, Plaintiff has failed to state a plausible claim.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted, and the Amended Complaint will be dismissed.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge